IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KELLY MIXON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-1264 |
| ) | |
| PEORIA COUNTY, PEORIA COUNTY ) | |
| SHERIFF MICHAEL MCCOY, in his official ) | |
| capacity, and Peoria County Sheriff Officers, ) | |
| JOHN DOES 1-10, ) | |
| Defendants. ) | |

**DEFENDANT PEORIA COUNTY'S MOTION TO STRIKE**

Now comes the Defendant, PEORIA COUNTY, by and through its attorneys, KEVIN W. LYONS, State's Attorney of Peoria County, and MELINDA L. MANNLEIN, Assistant State's Attorney, and moves to strike the improper portions of paragraphs 9 and 70 and the improper request for relief in Count III of Plaintiff's Complaint pursuant to FRCP Rule 12(f). The Defendant states as follows:

**I.     Peoria County is not Liable for Judgments Against Defendant-Officers**

In paragraph 9 of Plaintiff's Complaint, she alleges that "PEORIA COUNTY is the indemnifying entity for actions taken by Defendant McCOY and/or his employees, including JOHN DOES 1-10." In Count III of Plaintiff's Complaint, she requests that Defendant, Peoria County, be ordered "to indemnify the Defendant-Officers [Peoria County Sheriff Officers JOHN DOES 1-10] for any judgment entered in this case arising from their actions," (Doc. 1, p. 6), claiming that "[p]ursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant PEORIA COUNTY is liable for any judgments in this case arising from the Defendant-Officers' actions." (Doc. 1, para. 70). However, the Seventh Circuit has held otherwise, making Plaintiff's allegations in paragraphs 9 and 70 and requested relief in Count III improper.

In *Carver v. Sheriff of La Salle County*, (324 F.3d 947, 948 (7th Cir. 2003)), the Seventh Circuit held that a county in Illinois is a necessary party under FRCP 19(a)(1) in any suit seeking damages from an independently elected county officer, such as a sheriff, because § 9-102 of the Illinois Local Government and Governmental Employees Tort Immunity Act, (745 ILCS 10/1-101, *et seq*.), requires a county to pay for judgments entered against independently elected county officers in their official capacities. However, the Seventh Circuit subsequently held in *Askew v. Sheriff of Cook County*, (568 F.3d 632, 636-637 (7th Cir. 2009)), that the same principle did not hold true regarding sheriff's deputies. The Seventh Circuit found that while § 9-102 requires a county to indemnify a sheriff, as an elected official, and it obligates a sheriff to indemnify a deputy, as a sheriff's employee, it does not require a county to indemnify a sheriff's deputy, (*Id*.), as a deputy is neither an elected county official nor a county employee. A county is not vicariously liable for the actions of a sheriff's deputy. (*Id*. at 637, *citing Moy v. County of Cook*, 640 N.E.2d 926, 930 (Ill. 1994)).  Rather, if a judgment is entered against one or all Defendant-Officers and the Defendant-Officers later try to collect from the Sheriff in supplemental proceedings, the County would then need to indemnify the *Sheriff,* not the *officers*, for that judgment. (*See Id*. at 637). Thus, it is not proper for Plaintiff to claim that Peoria County is the indemnifying entity for the Defendant-Officers, (Doc. 1, para. 9), or that Peoria County is liable for a judgment that may be entered against the Defendant-Officers, (Doc. 1, para. 70), or to request an order that Peoria County indemnify the Defendant-Officers. (Doc. 1, p. 6, Count III). The improper portions of paragraphs 9 and 70 and the improper request for relief in Count III must be stricken from Plaintiff's Complaint.

## II. Peoria County Cannot Indemnify the Defendant-Officers for Punitive Damages

Even if it was proper to request the County to indemnify the Defendant-Officers, it is not proper to request that the County indemnify the Defendant-Officers for any punitive damages entered against them. In Count I of Plaintiff's Complaint, she asks this Court to award compensatory and punitive damages against the Defendant-Officers. (Doc. 1, p. 5). In Count III, she then "asks that this Honorable Court order Defendant PEORIA COUNTY to indemnify the Defendant-Officers for *any* judgment entered in this case arising from their actions." (Doc. 1, p. 6) (emphasis added). In other words, she requests that this Court order the County to pay both compensatory and punitive damages in this case, which is an improper request for relief because the County is prohibited from paying punitive damages under both state and federal law.

While Plaintiff claims that "[p]ursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant PEORIA COUNTY is liable for *any* judgments in this case arising from the Defendant-Officers' actions", (Doc. 1, para. 70) (emphasis added), § 9-102 of the Tort Immunity Act, (745 ILCS 10/1-101, *et seq*.), actually only empowers and directs a local public entity "to pay any tort judgment or settlement for *compensatory* damages (and may pay any associated attorney's fees and costs)." (Emphasis added.). The Tort Immunity Act further provides that "a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party," (745 ILCS 10/2-102), and that "no local public entity may elect to indemnify an employee for any portion of a judgment representing an award of punitive or exemplary damages." (745 ILCS 10/2-302). Likewise, the Supreme Court has held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." (*City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981)). Consequently,

Peoria County cannot indemnify the Defendant-Officers for any punitive damages that may be awarded in this case, and the request for such improper relief must be stricken from Count III.

WHEREFORE, for all of the reasons stated above, Defendant, PEORIA COUNTY, prays that the improper portions of paragraphs 9 and 70 and the improper request for relief in Count III be stricken from Plaintiff's Complaint and for all other relief that this Court deems just.

<div style="margin-left:300px">

RESPECTFULLY SUBMITTED,
PEORIA COUNTY,
Defendant

KEVIN W. LYONS,
State's Attorney of Peoria County

**s/ Melinda L. Mannlein**
Melinda Attorney Bar Number: 6288382
*Attorney for Defendants*
Peoria County Courthouse
324 Main Street, Room 111
Peoria, Illinois 61602
Telephone: (309) 672-6017
Fax: (309) 495-4914
E-mail: mmannlein@peoriacounty.org

</div>

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KELLY MIXON, ) | |
|       Plaintiff, ) | |
| ) | |
|       v. ) | Case No. 10-1264 |
| ) | |
| PEORIA COUNTY, PEORIA COUNTY ) | |
| SHERIFF MICHAEL MCCOY, in his official ) | |
| capacity, and Peoria County Sheriff Officers, ) | |
| JOHN DOES 1-10, ) | |
|       Defendants. ) | |

**CERTIFICATE OF SERVICE**

I, MELINDA L. MANNLEIN, Assistant State's Attorney of Peoria County, hereby certify that on the 16th day of September, 2010, I caused a true and correct copy of the attached Peoria County's Motion to Strike to be served upon Plaintiff's attorneys by electronic notice.

                                                   **s/ Melinda L. Mannlein**
                                                   *Attorney for Defendants*
                                                   Melinda Attorney Bar Number: 6288382
                                                   Peoria County Courthouse
                                                   324 Main Street, Room 111
                                                   Peoria, Illinois 61602
                                                   Telephone: (309) 672-6017
                                                   Fax: (309) 495-4914
                                                   E-mail: mmannlein@peoriacounty.org