# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| KELLY MIXON, | ) |
|         Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-1264 |
| | ) |
| PEORIA COUNTY, PEORIA COUNTY | ) |
| SHERIFF MICHAEL MCCOY, in his official | ) |
| capacity, and Peoria County Sheriff Officers, | ) |
| JOHN DOES 1-10, | ) |
|         Defendants. | ) |

**MEMORANDUM IN SUPPORT OF
DEFENDANT PEORIA COUNTY'S MOTION TO DISMISS**

Now comes the Defendant, PEORIA COUNTY, by and through its attorneys, KEVIN W. LYONS, State's Attorney of Peoria County, and MELINDA L. MANNLEIN, Assistant State's Attorney, and moves to dismiss all counts of Plaintiff's Complaint against Peoria County pursuant to Federal Rule of Civil Procedure 12(b)(5). Defendant states as follows:

**I.     Plaintiff Insufficiently Served Peoria County with Process**

Plaintiff's Complaint must be dismissed against Defendant, Peoria County, because the service of process was insufficient. Plaintiff filed a Complaint in this matter on August 20, 2010, naming as Defendants, Peoria County Sheriff Michael McCoy ("Sheriff McCoy"), in his official capacity, Peoria County Sheriff's Officers John Does 1-10 ("Defendant-Officers"), and Peoria County, a body politic and corporate of the State of Illinois. (*See* Doc. 1). Count I of Plaintiff's Complaint requests a judgment and damages against Defendant-Officers, (*Id*. at p. 5), and includes an allegation that Defendant Peoria County is the indemnifying entity for Defendant-Officers. (*Id*. at paras. 9 and 60). Count II requests a judgment and damages against Sheriff McCoy, (*Id*. at p. 6), and includes an allegation that Defendant Peoria County is the

indemnifying entity for Sheriff McCoy. (*Id*. at paras. 9 and 63). Count III requests an order be entered requiring Peoria County to indemnify the Defendant-Officers. (*Id*. at p. 6).

Plaintiff attempted to serve Peoria County with process in this case by sending a copy of summons and complaint by certified mail to the Peoria County Clerk's Office on August 20, 2010. (*See* Exhibit 1, p. 2 of summons). Said copy of summons and complaint was received by the County Clerk's Office on August 26, 2010. (Exh. 1, p. 1).

FRCP 4(j)(2) provides that service must be made on a unit of local government by "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in a manner prescribed by that state's law for serving a summons or like process on such a defendant." The chief executive officer of Peoria County is the Chairman of the Peoria County Board, (*see, e.g.,* 55/5 ILCS 5/2-1003 (providing for election of the chairman of the county board); 55 ILCS 5/5-1004 ("The powers of the county as a body corporate or politic, shall be exercised by a county board.")), and Illinois law provides that "summons may be served by leaving a copy with the chairperson of the county board or the county clerk in the case of a county." (735 ILCS 5/2-211). Additionally, unless a special process server is appointed by the court, summons is generally only authorized to be served by a county's sheriff or coroner, (735 ILCS 5/2-202(a)), not by a mailman. If service by mail, certified or otherwise, is authorized as part of service of process under Illinois law, it is specified. (*See, e.g.*, 735 ILCS 5/2-203(a)(2) (requiring mailing copy of summons and complaint as part of abode service on an individual); 735 ILCS 5/2-204(2) (requiring publication and mailing for service on a corporation); 735 ILCS 5/2-205(b)(2) (requiring mailing copy of summons and complaint as part of service on a partner); 735 ILCS 5/2-206 (requiring mailing as part of service by publication); 735 ILCS 5/3-105 (authorizing service by certified or registered mail in administrative review cases); Illinois

Supreme Court Rule 284 (authorizing service by certified or registered mail in small claims cases)).

In the instant case, service was not attempted on the Chairman of the Peoria County Board. (*See* Doc. 2; Exh. 1). Service was also not *left* with the County Clerk but rather *mailed* to him, and serving process on a county by mail is not authorized under Illinois law. (*See* 735 ILCS 5/2-211). Therefore, Plaintiff's Complaint must be dismissed against Defendant, Peoria County, because the service of process was insufficient.

## II.     The Court May Take Judicial Notice of a Public Record

This Court may take judicial notice of "historical documents, documents contained in the public record, and reports of administrative bodies." (*Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998); *see also Driebel v. City of Milwaukee*, 298 F.3d 622 (7th Cir. 2002); *Toney v. Burris*, 829 F.2d 622 (7th Cir. 1987)). Additionally, "[a] court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment" (*Menominee*, 161 F.3d at 456).

In this case, although Plaintiff never filed a return of service with this Court, the attempted service of summons and complaint was filed with the Peoria County Clerk's Office on August 26, 2010. (*See* Exh. 1). Pursuant to Section 3-2012 of the Illinois Counties Code, (55 ILCS 5/1-1001, *et seq*.), "[t]he county clerk shall have the care and custody of all the records, books and papers appertaining to and filed or deposited in their respective offices, and the same, except as otherwise provided in the Vital Records Act, shall be open to the inspection of all persons without reward." In other words, the filed copy of summons and complaint is a public record, much like the Milwaukee Police Department Manual of Rules and Regulations of which the Seventh Circuit took judicial notice in *Driebel*, 298 F.3d at 631. Accordingly, the

insufficiently served summons can be considered by this Court without converting this motion to a motion for summary judgment, and Plaintiff's Complaint must be dismissed against Peoria County for failure to sufficiently serve process.

WHEREFORE, for all of the reasons stated above, Defendant, PEORIA COUNTY, prays that all counts of Plaintiff's Complaint against Peoria County be dismissed and for all other relief that this Court deems just.

RESPECTFULLY SUBMITTED,
PEORIA COUNTY,
Defendant

KEVIN W. LYONS,
State's Attorney of Peoria County

**s/ Melinda L. Mannlein**
Melinda Attorney Bar Number: 6288382
*Attorney for Defendants*
Peoria County Courthouse
324 Main Street, Room 111
Peoria, Illinois 61602
Telephone: (309) 672-6017
Fax: (309) 495-4914
E-mail: mmannlein@peoriacounty.org

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KELLY MIXON, ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-1264 |
| ) | |
| PEORIA COUNTY, PEORIA COUNTY ) | |
| SHERIFF MICHAEL MCCOY, in his official ) | |
| capacity, and Peoria County Sheriff Officers, ) | |
| JOHN DOES 1-10, ) | |
|       Defendants. ) | |

**CERTIFICATE OF SERVICE**

I, MELINDA L. MANNLEIN, Assistant State's Attorney of Peoria County, hereby certify that on the 16th day of September, 2010, I caused a true and correct copy of the attached Memorandum in Support of Defendant Peoria County's Motion to Dismiss to be served upon Plaintiff's attorneys by electronic notice.

    **s/ Melinda L. Mannlein**
    *Attorney for Defendants*
    Melinda Attorney Bar Number: 6288382
    Peoria County Courthouse
    324 Main Street, Room 111
    Peoria, Illinois 61602
    Telephone: (309) 672-6017
    Fax: (309) 495-4914
    E-mail: mmannlein@peoriacounty.org