**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| KELLY MIXON, | ) | |
|                 Plaintiff, | ) | |
| | ) | |
|       v. | ) | Case No. 10-1264 |
| | ) | |
| PEORIA COUNTY, PEORIA COUNTY | ) | |
| SHERIFF MICHAEL MCCOY, in his official | ) | |
| capacity, and Peoria County Sheriff Officers, | ) | |
| JOHN DOES 1-10, | ) | |
|                 Defendants. | ) | |

**PEORIA COUNTY'S ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, PEORIA COUNTY, by its attorneys, KEVIN W. LYONS, State's Attorney of Peoria County, and MELINDA L. MANNLEIN, Assistant State's Attorney, and answers Plaintiff's Complaint as follows:

1. Defendant **admits** the allegations in Paragraph 1.

2. Defendant **admits** the allegations in Paragraph 2.

3. Defendant **admits** the allegations in Paragraph 3.

**Parties**

4. Defendant **admits** the allegations in Paragraph 4.

5. Defendant **admits** the allegations in Paragraph 5.

6. Defendant **admits** the allegations in Paragraph 6.

7. Defendant **admits** the allegations in Paragraph 7.

8. Defendant **denies** the allegations in Paragraph 8.

9. Defendant **admits** that it is the indemnifying entity for Sheriff McCoy but **denies** that it is the indemnifying entity for Sheriff McCoy's employees or JOHN DOES 1-10.

**Facts**

10. Defendant **admits** that on or about March 19, 2009, at approximately 8:30 p.m., Plaintiff was arrested by an officer of the Peoria Police Department for two counts of aggravated battery on hospital staff at Methodist Medical Center in Peoria.

11. Defendant **admits** that Plaintiff was at Methodist Medical Center but lacks sufficient knowledge or information to adequately answer the remaining allegations in Paragraph 11.

12. Defendant lacks sufficient knowledge or information to adequately answer the allegations in Paragraph 12.

13. Defendant lacks sufficient knowledge or information to adequately answer the allegations in Paragraph 13.

14. Defendant lacks sufficient knowledge or information to adequately answer the allegations in Paragraph 14.

15. Defendant **admits** that Plaintiff was transported to the Peoria County Jail, but Defendant lacks sufficient knowledge or information to adequately answer the remaining allegations in Paragraph 15.

16. Defendant **admits** that the officer who transported Plaintiff to the Jail informed an officer at the Jail that Plaintiff was a suicide risk.

17. Defendant **admits** that Plaintiff was present at the Peoria County Jail at approximately 9:30 p.m.

18. Defendant **admits** that at approximately 9:40 p.m., Plaintiff was placed into cell number R2 on suicide watch, which would include removing her clothes and giving her a blanket.

19. Defendant **denies** the allegations in Paragraph 19.

20. Defendant **denies** the allegations in Paragraph 20.

21. Defendant **admits** the allegations in Paragraph 21.

22. Defendant **admits** that officers entered Plaintiff's cell and placed Plaintiff into a restraint chair at approximately 9:56 p.m., but **denies** that officers grabbed Plaintiff and lacks sufficient knowledge or information to adequately answer the remaining allegations in Paragraph 22.

23. Defendant **admits** that Plaintiff was placed in the restraint chair but lacks sufficient knowledge or information to adequately answer the remaining allegations in Paragraph 23.

24. Defendant **admits** the allegations in Paragraph 24.

25. Defendant **admits** the allegations in Paragraph 25.

26. Defendant **denies** the allegations in Paragraph 26.

27. Defendant **denies** the allegations in Paragraph 27.

28. Defendant **admits** that Plaintiff urinated on the restraint chair and that the blanket covering Plaintiff got wet but **denies** the remaining allegations in Paragraph 28.

29. Defendant **admits** that officers routinely checked on Plaintiff while she was in the restraint chair from approximately 10:00 p.m. to approximately 4:20 a.m. but lacks sufficient knowledge or information to adequately answer the remaining allegations in Paragraph 29.

30. Defendant **denies** the allegations in Paragraph 30.

31. Defendant **denies** the allegations in Paragraph 31.

32. Defendant **denies** the allegations in Paragraph 32.

33. Defendant **admits** that Plaintiff was given a new blanket at approximately 4:20 a.m. on March 20, 2009, but **denies** that it was because a medical professional was about to see her.

34. Defendant **admits** that a medical professional checked on Plaintiff at approximately 4:25 a.m. but **denies** the remaining allegations in Paragraph 34.

35. Defendant **admits** that Plaintiff was screaming at approximately 5:10 a.m. but **denies** the remaining allegations in Paragraph 35.

36. Defendant **admits** that Plaintiff would be unable to cover herself if her arms were strapped in the restraint chair.

37. Defendant **denies** the allegations in Paragraph 37.

38. Defendant **denies** the allegations in Paragraph 38.

39. Defendant **admits** that while Plaintiff was in the restraint chair she urinated on the chair once but **denies** the remaining allegations in Paragraph 39.

40. Defendant lacks sufficient knowledge or information to adequately answer the allegations in Paragraph 40.

41. Defendant **denies** the allegations in Paragraph 41.

42. Defendant lacks sufficient knowledge or information to adequately answer the allegations in Paragraph 42.

43. Defendant **denies** the allegations in Paragraph 43.

44. Defendant **admits** that a mental health professional spoke with Plaintiff at approximately 11:21 a.m. but **denies** the remaining allegations in Paragraph 44.

45. Defendant lacks sufficient knowledge or information to adequately answer the remaining allegations in Paragraph 45.

46. Defendant **admits** that an officer entered Plaintiff's cell and unstrapped her from the restraint chair at approximately 11:38 a.m. but **denies** that the officer unstrapped Plaintiff's wrists only and lacks sufficient knowledge or information to adequately answer the remaining allegations in Paragraph 46.

47. Defendant **admits** that Plaintiff would be able to cover herself with a blanket if her arms were free.

48. Defendant **denies** the allegations in Paragraph 48.

49. Defendant **denies** the allegations in Paragraph 49.

50. Defendant **denies** the allegations in Paragraph 50.

51. Defendant **denies** the allegations in Paragraph 51.

52. Defendant **denies** the allegations in Paragraph 52.

53. Defendant **admits** the allegations in Paragraph 53.

54. Defendant lacks sufficient knowledge or information to adequately answer the allegations in Paragraph 54.

55. Defendant lacks sufficient knowledge or information to adequately answer the allegations in Paragraph 55.

56. Defendant **admits** that aggravated battery charges were not filed against Plaintiff based on the March 19, 2009 arrest.

57. Defendant **denies** the allegations in Paragraph 57.

58. Defendant **denies** the allegations in Paragraph 58.

59. Defendant **denies** the allegations in Paragraph 59.

**Count I**

This Defendant makes no answer to Count I as the allegations of Count I are directed against other Defendants, JOHN DOES 1-10.

**Count II**

This Defendant makes no answer to Count II as the allegations of Count II are directed against another Defendant, PEORIA COUNTY SHERIFF MICHAEL MCCOY.

**Count III**

This Defendant makes no answer to Count III at this time, as Count III is subject to Defendant's pending Rule 12(f) Motion to Strike.  (*See* Doc. 3).

WHEREFORE, Defendant, Peoria County, without waiving any arguments pending before the Court in its Rule 12(f) Motion to Strike, prays that judgment be entered in its favor and that the relief requested in Plaintiff's Complaint be denied.

**AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, PEORIA COUNTY, by its attorneys, KEVIN W. LYONS, State's Attorney of Peoria County, and MELINDA L. MANNLEIN, Assistant State's Attorney, and for its affirmative defenses to Plaintiff's Complaint, states as follows:

1. Peoria County is not required to indemnify JOHN DOES 1-10.
2. As an alleged indemnifying agent of the other defendants, Peoria County is not liable for all of the reasons that the other defendants are not liable, including but not limited to qualified immunity.

WHEREFORE, Defendant, PEORIA COUNTY, without waiving any arguments pending before the Court in its Rule 12(f) Motion to Strike, prays that judgment be entered in its favor and that the relief requested in the Plaintiff's Complaint be denied.

    RESPECTFULLY SUBMITTED,
    PEORIA COUNTY,
    Defendant

    KEVIN W. LYONS,
    State's Attorney of Peoria County

    **s/ Melinda L. Mannlein**
    Melinda Attorney Bar Number: 6288382
    *Attorney for Defendants*
    Peoria County Courthouse
    324 Main Street, Room 111
    Peoria, Illinois 61602
    Telephone: (309) 672-6017
    Fax: (309) 495-4914
    E-mail: mmannlein@peoriacounty.org

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| KELLY MIXON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-1264 |
| ) | |
| PEORIA COUNTY, PEORIA COUNTY ) | |
| SHERIFF MICHAEL MCCOY, in his official ) | |
| capacity, and Peoria County Sheriff Officers, ) | |
| JOHN DOES 1-10, ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I, MELINDA L. MANNLEIN, Assistant State's Attorney of Peoria County, hereby certify that on the 15th day of November, 2010, I caused a true and correct copy of the attached Peoria County's Answer and Affirmative Defenses to be served upon Plaintiff's attorneys by electronic notice.

                                              **s/ Melinda L. Mannlein**
                                              *Attorney for Defendants*
                                              Melinda Attorney Bar Number: 6288382
                                              Peoria County Courthouse
                                              324 Main Street, Room 111
                                              Peoria, Illinois 61602
                                              Telephone: (309) 672-6017
                                              Fax: (309) 495-4914
                                              E-mail: mmannlein@peoriacounty.org